UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------------x
TRUSTEES of the EMPIRE STATE CARPENTERS
WELFARE, PENSION, ANNUITY, APPRENTICESHIP,
CHARITABLE TRUST, LABOR MANAGEMENT
COOPERATION, and SCHOLARSHIP FUNDS,

                              Plaintiffs,                      <u>REPORT AND
                                                                         RECOMMENDATION</u>
   -against-

                                                                         CV 11-0056 (ADS) (ETB)


SKYLINE CONCRETE, INC.,

                              Defendant.
----------------------------------------------------------------------x

TO THE HONORABLE ARTHUR D. SPATT, United States District Judge:

       The plaintiffs, the Trustees ("plaintiffs" or the "Trustees") of seven employee benefit funds (the "Funds"), brought this action against the defendant, Skyline Concrete, Inc. ("Skyline"), pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiffs seek to recover unpaid employee benefit contributions, interest, liquidated damages and attorney's fees and costs that Skyline was obligated to pay under the terms of its collective bargaining agreement with the union. Before the Court is plaintiffs' motion for a default judgment. For the following reasons, I recommend that plaintiffs' motion be granted and that damages be awarded as discussed below.

FACTS

       Plaintiffs commenced this action on January 5, 2011. Defendant failed to answer the

Complaint or otherwise appear in this action. On October 17, 2011, Judge Spatt referred plaintiffs' motion for a default judgment and the determination of any accompanying damages, including reasonable attorney's fees, to the undersigned for a Report and Recommendation. An inquest on damages was held on February 14, 2012. Skyline failed to appear at the inquest.

Kyle Lagonegro, the Collections Supervisor for the Funds, testified at the inquest on behalf of plaitniffs. Mr. Lagonegro testified that a payroll audit was conducted with respect to Skyline for the period November 19, 2007 through June 30, 2009, which found that Skyline had failed to remit to the Funds $48,429.35 in employee benefit contributions. (Tr. 5-6.) By letters dated May 20, 2010 and July 26, 2010, Skyline was notified of the deficiency and asked to remit the amount found to be due and owing. (Tr. 6-7.) Skyline failed to make any payment to the Funds. (Compl. ¶ 13.)

### DISCUSSION

I.    Legal Standard

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-moving party. See Fed. R. Civ. P. 55. After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June 8, 1995); see also Time Warner Cable v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001 (quoting Transworld Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Rivera, 1995

WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1993)). Plaintiffs are "entitled to all reasonable inferences from the evidence [they] offer[]." Cablevision Sys. N.Y. City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

In the within action, plaintiffs filed their Complaint on January 5, 2011. A copy of the Complaint was personally served on Skyline on February 23, 2011 at its corporate address in Valhalla, New York. (Aff. of Service by Jeff Campolo, dated Feb. 24, 2011.) On March 21, 2011, the Clerk of the Court certified that Skyline had failed to answer the Complaint or otherwise appear in this action. Nor did Skyline appear at the inquest held before the undersigned on February 14, 2012. Accordingly, I recommend that a default judgment be entered against the defendant, Skyline Concrete, Inc.

II.     ERISA

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Thus, in deciding upon damages in a case under ERISA, the Court must look to the agreement between the parties. To ensure that employers will make their contributions in a timely manner, Section 1132(g)(2) of ERISA provides for additional monies to be paid by delinquent employers. See 29 U.S.C. § 1132(g)(2); see also Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1506 (2d Cir. 1995). Section 1132(g)(2) or ERISA provides, in pertinent part, as follows:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce

>section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (I) interest on the unpaid contributions, or (ii) liquidated damages provided under the plan not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

III. Damages

    A. Unpaid Contributions

Based on the testimony and the documentary evidence offered by plaintiffs at the inquest held on February 14, 2012, I recommend that damages be awarded in the amount of $48,429.35. (Tr. 6; Pl. Am. Statement of Damages 3 and Ex. A, annexed thereto.) This amount reflects the unpaid contributions found to be due and owing for the period November 19, 2007 through June 30, 2009. (Tr. 6; Pl. Am. Statement of Damages 2.)

    B. Interest

Pursuant to Section 502(g) of ERISA, plaintiffs are entitled to interest on the unpaid contributions. See 29 U.S.C. § 1132(g)(2)(B). Plaintiffs seek interest from the date payment was due through the date of judgment entered herein, at a rate of three and one-quarter percent (3.25%) per annum. (Tr. 7.) Plantiffs' Amended Statement of Damages states that as of February 28, 2012, the total interest due and owing amounts to $5,455.34, with interest continuing to accrue at a rate of $4.62 per day.[1] (Tr. 7; Pl. Mot. for Entry of Default J. 3.) As of

---

[1] Plaintiffs' Amended Statement of Damages states that the per diem interest rate is approximately $4.77 per day. (Pl. Am. Statement of Damages 3.) However, plaintiffs' witness,

the date of this Report and Recommendation - May 1, 2012 - the amount of interest due and owing is $5,746.40.[2] Accordingly, I recommend that plaintiffs be awarded $5,746.40 in interest, with additional interest to be calculated through the date of judgment entered herein at a rate of $4.62 per day.

    C.    Liquidated Damages

Pursuant to ERISA, plaintiffs are entitled to "an amount equal to the greater of (I) interest on the unpaid contributions, or (ii) liquidated damages . . . in an amount not in excess of twenty percent (20%)" of the unpaid contributions. 29 U.S.C. § 1132(g)(2)(C). Plaintiffs have elected to seek liquidated damages in the form of twenty percent (20%) of the unpaid contributions, which amounts to $9,685.87. (Tr. 6; Pl. Am. Statement of Damages 4.) Accordingly, I recommend that plaintiffs be awarded liquidated damages in the amount of $9,685.87.

    D.    Audit Fees

Plaintiffs also seek to recover their fees incurred in connection with the audit conducted in this action in the amount of $5,565.00. (Tr. 6; Pl. Am. Statement of Damages 4.) The costs of an audit are routinely recoverable in ERISA actions. See, e.g., Gesualdi v. MBM Indus., Inc., No. CV 10-2607, 2010 U.S. Dist. LEXIS 96319, at *5 (E.D.N.Y. Sept. 13, 2010)

---

Mr. Lagonegro, testified at the inquest that the per diem rate is $4.62 per day. (Tr. 7.) Plaintiff's papers in support of their motion for a default judgment also states that the per diem interest rate is $4.62 per day. (Pl. Mot. for Entry of Default J. 3.) Accordingly, the undersigned will use this figure when calculating interest.

   [2] This number was calculated by multiplying the number of days between February 28, 2012 and May 1, 2012 (63) by the per diem interest rate of $4.62, which amounts to $291.06, and then adding the two interest amounts together.

(awarding $4,260.00 in audit costs); <u>Masino v. A to E, Inc.</u>, No. 09 CV 1651, 2010 U.S. Dist. LEXIS 95583, at *22 (E.D.N.Y. Sept. 3, 2010) (awarding $1,137.00 in audit fees); <u>Gesualdi v. Andrews Trucking Corp.</u>, No. 09 CV 565, 2010 U.S. Dist. LEXIS 54596, at *3 (E.D.N.Y. June 3, 2010) (awarding $13,382.50 in audit fees). Accordingly, I find the audit fees requested of $5,565.00 to be both reasonable and recoverable and recommend that they be awarded to plaintiffs.

    E.    <u>Attorney's Fees</u>

Section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs. <u>See</u> 29 U.S.C. § 1132(g)(2)(D). Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." <u>Kirsch v. Fleet St., Ltd.</u>, 148 F.3d 149, 172 (2d Cir. 1998). Here, plaintiffs' counsel provided records of the date, the time spent, and the nature of the work performed by each person who worked on the case. (Rumelt Am. Decl., Ex. A.) I have reviewed these statements and find the time spent and the fees charged to be reasonable. Accordingly, I recommend that plaintiffs be awarded their attorney's fees in the amount requested of $2,335.00. (Rumelt Am. Decl. ¶ 12.)

    F.    <u>Costs</u>

As stated above, ERISA permits the recovery of plaintiffs' reasonable costs as well. <u>See</u> 29 U.S.C. § 1132(g)(2)(D). Plaintiffs seek to recover their court filing fee of $350.00 and service of process fees of $58.00, for a total of $408.00 in costs, both of which I find reasonable. (Tr. 10; Rumelt Am. Decl. ¶ 13.) Accordingly, I recommend that plaintiffs be awarded costs in the amount of $408.00.

## RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, I recommend that plaintiffs' motion for a default judgment be granted and that plaintiffs be awarded damages as follows: (1) unpaid employee benefit contributions in the amount of $48,429.35; (2) interest through May 1, 2012 in the amount of $5,746.40, plus additional interest through the date of judgment entered herein, to be calculated at a rate of $4.62 per day; (3) liquidated damages in the amount of $9,685.87; (4) audit fees in the amount of $5,565.00; (5) attorney's fees in the amount of $2,335.00; and (6) costs in the amount of $408.00, for a total monetary award of $72,169.62, plus additional pre-judgment interest.

## OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Any requests for an extension of time for filing objections must be directed to the district judge assigned to this action prior to the expiration of the fourteen (14) day period for filing objections. Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
       May 1, 2012

                                            /s/ E. Thomas Boyle
                                            E. THOMAS BOYLE
                                            United States Magistrate Judge